**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-289 |
| | § | |
| DERLY DE LA GARZA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING**
**WITHOUT PREJUDICE MOTION UNDER 28 U.S.C. § 2255,**
**AND ORDER GRANTING MOTION FOR RE-ENTRY OF JUDGMENT**

Pending before the Court is Derly De La Garza's ("De La Garza") unopposed motion under 28 U.S.C. § 2255 for re-entry of judgment,[1] filed by and through counsel. (D.E. 49.) In it, De La Garza asks that judgment be re-entered so that he might appeal from the Court's denial of his motion for a reduced sentence, which was contained in two separate orders entered on July 21, 2008 and July 30, 2008. (See D.E. 44, 45.) De La Garza's counsel, Assistant Federal Public Defender Jason Libby, claims that he did not timely provide a copy of the judgment to the defendant, and that is why his notice of appeal was not timely filed. Re-entering the judgment would allow the notice of appeal to be deemed timely filed and

---

[1] This motion is technically De La Garza's second motion under 28 U.S.C. § 2255. (See D.E. 38, 47, 48.) Nonetheless, it is not barred by the prohibition against "second or successive" § 2255 motions, because the events giving rise to it did not occur until after he filed his first § 2255 motion. United States v. Orozco-Ramirez, 211 F.3d 862, 867, 869 (5th Cir. 2000) (where the facts supporting a claim arise after the filing of the initial § 2255 motion, such a claim may be filed in a subsequent § 2255 motion and will not be considered "second or successive.").

would confer jurisdiction on the appellate court. The motion states that it is not opposed by the United States.

On December 17, 2008, this Court ordered that defense counsel and De La Garza both provide affidavits providing additional information concerning their communications about a possible appeal. Both Jason Libby and De La Garza have now provided sealed affidavits containing that additional information. (D.E. 61, 63.) For the reasons set forth herein, the Court grants the motion to re-enter judgment.

## I. BACKGROUND

The Court denied De La Garza's motion for reduced sentence on July 21, 2008, setting forth its reasons for the denial. (D.E. 44.) The Court then signed a separate order on July 30, 2008, reflecting that the motion was denied and that there was no change in the Defendant's sentence. (D.E. 45.) The first order was entered July 21, 2008, and the second was entered on July 30, 2008. Any appeal from the Court's denial should have been brought within ten days of the entry of the order denying his motion. Fed. R. App. P. 4(B)(1)(A); Fed. R. App. P. 26(a)(2); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (holding that an appeal from the denial of a § 3582(c)(2) motion seeking a reduced sentence based on a sentencing guideline amendment must be brought within 10 days from the entry of judgment). Utilizing the later date of the second order – July 30, 2008 – any appeal by De La Garza from the denial of his motion should have been filed not later than August 13, 2008.

In this case, however, the Notice of Appeal was not filed until more than two months later, on October 27, 2008. The pertinent dates regarding communication between De La Garza and Libby (according to their affidavits, which are not contested) are as follows:

1. September 9, 2008 - defense counsel mailed to De La Garza for the first time a copy of the Court's order denying De La Garza's motion to reduce sentence;

2. September 17, 2008 - De La Garza mailed a letter to counsel, received on September 22, 2008, asking about a right to appeal;

3. October 3, 2008 - defense counsel mailed a letter to De La Garza informing him that a defendant can appeal from the denial of a motion to reduce sentence and also informing him that an out of time appeal would have to be pursued if he wished to appeal;

4. October 16, 2008 - De La Garza wrote a letter to counsel, which he gave to prison officials on October 17, 2008 and which was received by Mr. Libby on October 20, 2008, instructing counsel to appeal; and

5. October 27, 2008 - defense counsel filed a Notice of Appeal and a motion to re-enter judgment. (D.E. 49, 50.)

## II. ANALYSIS

Counsel admits that he failed to timely notify De La Garza about the denial of his motion. Additionally, even after De La Garza expressed an interest in appealing (by inquiring as to whether he had a right to appeal), counsel failed to file a Notice of Appeal. That is, counsel knew as of September 22, 2008 that De La Garza at least was inquiring about

3

his appellate rights. At that time, counsel could have filed a Notice of Appeal so that there would at least be one on file, later dismissing it if De La Garza decided not to pursue his appeal. Instead, counsel pursued a further round of communication with De La Garza. Ultimately, counsel did not file a Notice of Appeal until October 27, 2008, more than one month after De La Garza asked whether he had a right to appeal.

Additionally, the Court finds that De La Garza responded promptly to counsel during each round of communication. That is, the first letter counsel sent to De La Garza informing him of the denial of his motion was mailed on September 9, 2008. Although De La Garza is not certain when he received it, he responded inquiring about an appeal eight days after the letter was mailed to him (and certainly fewer days than that after its receipt). Similarly, De La Garza responded to the letter counsel mailed to De La Garza on October 3, 2008 by October 16, 2008. Assuming counsel's letter took three days to reach De La Garza, this response, too, was sent within ten days.

Based on these facts, and based on the non-opposition of the United States, the Court finds that De La Garza was denied effective assistance of counsel as to the filing of his appeal from the denial of his motion to reduce sentence. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). In Flores-Ortega, the Supreme Court held that if counsel fails to file an appeal when requested or fails to consult with a defendant about his appellate rights under circumstances where there is reason to think that the defendant (or a rational defendant)

would want to appeal, he has acted deficiently. Id. at 477-481. Further, prejudice is shown if defendant would have appealed, had counsel not been deficient. Id. at 484.

In this case, it is undisputed that counsel failed to consult with De La Garza regarding his appellate rights until after the deadline for appealing had passed. It is further undisputed that within ten days of learning about the denial of his motion, De La Garza inquired about whether he could appeal and that, within ten days of learning he had a right to appeal, De La Garza wrote to his counsel telling him to appeal. These facts firmly support the Court's conclusion that counsel was ineffective for failing to timely appeal.

The Court will thus grant De La Garza's motion to re-enter the order denying his motion for reduction to allow him to proceed with his appeal. This is the proper procedure to remedy counsel's ineffectiveness. See United States v. West, 240 F.3d 456, 460 (5th Cir. 2001) (clarifying that "part of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice"); United States v. Joubert, 273 F.3d 1099, 1099 (5th Cir. 2001) (unpublished) (vacating the district court's grant of § 2255 relief and remanding with instructions for district court to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment so that the defendant could pursue an out-of-time appeal).

### III. **CONCLUSION**

For the foregoing reasons, to the extent De la Garza seeks relief under 28 U.S.C. § 2255, that motion is denied without prejudice. His unopposed request to re-enter the order

denying his motion for reduction (D.E. 49), however, is GRANTED. The Clerk is directed to re-enter Docket Entries 44 and 45 as of the date of this Order.

It is so ORDERED this 28th day of February, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE